THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE ALBANY INSURANCE COMPANY, Appellant.

The acts providing for the taxation of the franchises of certain corporations and associations (Chap. 542, Laws of 1880, as amended by chap. 361, Laws of 1881) are prospective in their character; the tax thereby imposed is not for the past, but for the future enjoyment of the franchises, and the amount of the dividends made or declared during the year are made simply the measure of the annual value of the franchises.

Defendant, a corporation, taxable under said act, and having a capital of $200,000, in January, 1881, declared a dividend of six and one-fourth per cent from the earnings and profits of the company for the current year. In February, 1880, having on hand a large surplus fund, all of which had been earned and acquired before January 1, 1880, and in contemplation of the expiration of its charter, which would take place in June, 1880, it was resolved by the company that $100,000 should be taken from such surplus and paid to and divided among its stockholders, and it was at the same time resolved that the charter should be extended. Upon a case submitted under the Code of Civil Procedure (§ 1279), *held,* that this division, even if a dividend within the letter, was not such within the meaning or for the purposes of the act; that the accumulation of earnings was no measure of the value of the enjoyment of the franchises during the year 1880 or 1881, and was not within the contemplation of the framers of the act; and that the corporation was not liable to taxation thereon.

*It seems* that should a corporation, for the purpose of evading taxation un-

der the act, divide six per cent or more, but less than its actual earnings in any one year after the passage of said act, and thus create a surplus, the division of such surplus in a subsequent year may be treated as a dividend within the act.

(Argued March 30, 1883; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 3, 1883, which directed judgment in favor of plaintiff, upon a case submitted under section 1279 of the Code of Civil Procedure.

The questions submitted were whether any, and if so, what amount of tax the defendant was liable to pay, for the current year ending November 1, 1881, under the act chapter 542, Laws of 1880, as amended by chapter 361, Laws of 1881.

The facts stated in the case submitted, so far as material, are set forth in the opinion.

*Leonard G. Hun* for appellant. The return to and division among the stockholders of the appellant of the $100,000 taken from its surplus fund in contemplation of the termination of its corporate existence was not the making or declaring of a dividend within the meaning of those terms as used in section 3 of the act of 1881 (Chap. 361). (*Lockart* v. *Van Alstyne*, 31 Mich. 76; *Traft* v. *Hartford, etc., R. R. Co.*, 8 R. I. 310; *Atty.-Genl.* v. *State B'k*, 1 Div. & B. Eq. 545.)

*Leslie W. Russell*, attorney-general, for respondent. The distribution of the surplus funds of the company was a dividend in the full sense of the term. (Burroughs on Taxation, 160; *Lehigh Iron Co.* v. *Commonwealth*, 5 P. F. Smith, 448.)

RAPALLO, J. The only question in this case which remains open, in view of our recent decisions, is whether the $100,000 divided among the stockholders of the defendant in February, 1881, was a dividend made or declared during the year ending November 1, 1881, within the intent and meaning of

those words, as used in section 3 of chapter 361 of the Laws of 1881.

It appears from the agreed statement of facts, and the report thereto attached, that the capital of the company was $200,000; that on the 30th of June, 1880, it had a surplus fund of $179,-437.16, being an accumulation of past earnings; that on the 1st of January, 1881, this fund had increased to $201,942.64; that the charter of the company was to expire by lapse of time in June, 1881; that in January, 1881, the company declared a dividend of $12,500, being six and a quarter per cent on its capital stock, and that in February, 1881, it was resolved that the sum of $100,000 should be taken from its surplus fund and paid to and divided among the stockholders. It is admitted that such division was made in contemplation of the expiration of the company's charter, it being at the same time resolved that such charter should be extended. It is further admitted in the statement of facts that the whole of the said $100,000 so paid to and divided among the stockholders was earned and acquired by the said company before the 1st of January, 1880, and was the result of the accumulation of the profits of the company for several years prior to that time, and that the dividend of six and one-quarter per cent declared in January, 1881, was paid from the earnings and profits of the company for the current year, and was the only one so declared or made in the year beginning November 1, 1880.

The tax sought to be recovered is computed on the basis of dividends having been made or declared during the year ending November 1, 1881, to the amount of fifty-six and one-quarter per cent on the par value of the stock of the company.

As we have held in the tax cases lately decided, the tax in question is not upon the dividends declared, nor upon the property of the company, but upon its franchise of carrying on business as a corporation. Former laws provided for the taxation of the property of corporations, but this tax upon their franchise was a new tax first created by chapter 542 of the Laws of 1880, of which the act of 1881 is an amendment. These acts are prospective in their operation, and the tax thereby imposed

is payable annually, not for the past, but for the future enjoyment of the franchise. The framers of the act had to solve the problem of ascertaining the value of such enjoyment, and for that purpose alone was reference made to dividends. ' The act provides that every corporation (with certain exceptions) shall pay annually into the treasury of the State, a tax upon its corporate franchise, to be computed as follows: If the dividend or dividends made or declared by such corporation, etc., during any year ending with the first day of November, amount to six or more than six per centum upon the par value of its stock, then the tax to be at the rate of one-quarter mill on the capital stock for each one per centum of dividends so made or declared; or, if no dividends be made or declared; or, if the dividends made or declared do not amount to six per centum upon the par value of the capital stock, then the tax to be at the rate of one and one-half mill upon each dollar of the valuation of the said capital stock, etc.

The amount of dividends made or declared during the year are thus made simply the measure of the annual value of the franchise upon which the tax is to be annually paid. As dividends can be legally made only out of earnings or profits, and cannot be made out of capital, they are assumed to approximate as nearly as practicable the just measure of the tax which should be imposed upon the corporation for the enjoyment of its franchise. Should a corporation earning six per cent or more withhold all dividends or pay less than six per cent and accumulate its earnings, or employ them as capital to improve its property, it would not thereby escape taxation, for it would then be taxable according to the actual value of its capital stock, and that value would be increased by the amount of surplus thus accumulated, and it would be taxable at the rate of one and one-half mills upon each dollar of the valuation of such stock, which will be found by computation to be substantially the same amount for which it would have been taxable had the profits been divided. But should a corporation, for the purpose of evading taxes under the act, divide six per cent or more, but less than its actual earnings in any one year after the passage

of the acts of 1880 and 1881, and thus create a surplus, there would be no injustice in treating the division of such surplus in a subsequent year as a dividend within the meaning of the act, for it would be the statutory measure of the value of the franchise which the corporation had enjoyed since the time when such franchise was subjected to the tax.

But the present is a very different case from that supposed. The surplus here in question was all acquired prior to the passage even of the act of 1880, and was the accumulation of earnings of several previous years. It had constituted part of the property of the corporation, and been taxable as such, during those years. It might have been the measure of the enjoyment of the franchise during those previous years when the franchise was not taxable, but was no measure of the value of such enjoyment during the year 1880 or 1881, and these aggregated earnings of several years were certainly no criterion of the value of such franchise during any single year. A division of property thus previously acquired could not have been within the contemplation of the framers of the act, in fixing upon the annual dividends as a measure of the value of the franchise of the corporation, and even if a dividend within the letter of the act, to construe it as a dividend for the purposes of the act would be so contrary to its spirit and intent, that such a construction is inadmissible.

The decision of the Supreme Court of the United States in *Bailey* v. *Railroad Co.* (106 U. S. 109) is very much in point. Section 122 of the Internal Revenue Act of 1864 (13 Stat. at Large, 284) provided that any railroad company that declared any dividend in scrip or money, due or payable to its stockholders as part of the earnings or profits of such company, should be subject to a duty of five per cent on all such dividends, whenever payable. The railroad company, in 1868, issued certificates which were decided to be a scrip dividend, of $23,000,000, to its stockholders, as representing earnings of the company which had been expended in the construction and equipment of the road and the purchase of real estate and other property. It was contended on the part of the plaintiff,

that by the express terms of section 122, these certificates, being a declaration of a dividend, as part of the earnings of the company, were taxable upon the amount thereof without deduction; that the policy as well as the language of the act fixed the charge upon the declaration itself, and for the purposes of taxation, concluded both, as to the amount subject to the tax, and that such a rule was reasonable as furnishing an obvious standard, and the only safe criterion of the tax, to avoid fraudulent evasions. The court, however, held that the tax provided for in the act was an annual income tax, the scheme of the statute being to levy the tax upon the income for each year ending the 31st of December next preceding the assessment of the tax, and that the defendant might show what portion of the earnings represented by these certificates accrued prior to the passage of the act imposing the income tax, and those earnings should be deducted from the amount of the scrip dividend.

We are of opinion that the dividend of fifty per cent, or $100,000, should not be considered in assessing the tax in question, and that it should be computed on the basis of the dividend of six and one-quarter per cent, made in January, 1881.

The judgment appealed from should be reversed, with costs.

All concur.

Judgment reversed.

Upon motion, subsequently made, the remittitur was amended so as to read as follows:

Judgment modified by striking therefrom the sum of $2,500 and interest thereon from January 15, 1882, without costs to either party.