(101 App. Div. 248)

## PEOPLE ex rel. METROPOLITAN SECURITIES CO. v. KELSEY, State Comptroller.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. TAXATION—CORPORATIONS—FAILURE TO DECLARE DIVIDENDS—STATUTE.

   Where a corporation pays no dividend during the year on its stock, it is liable to an assessment of one and one-half mills on each dollar of the appraised capital employed within the state, under the direct provisions of the tax law (Laws 1896, p. 856, c. 908) § 182.

2. SAME—VALUATION—POWER OF COMPTROLLER.

   Under the tax law (Laws 1896, p. 861, c. 908) § 190, providing that the secretary of a corporation shall appraise its capital stock on which no dividend has been declared at its actual value in cash, not less, however, than the average price which the stock sold for during the year; that he shall forward the same to the Comptroller; and that the Comptroller, if not satisfied with the valuation so made and returned, is authorized to make a valuation thereof and settle an account on the valuation so made by him—the valuation by the Comptroller is unlimited, except that it shall not be less than the average price of sales of stock.

3. SAME—SURPLUS.

   In estimating the value of the capital stock the Comptroller is entitled to include accumulated surplus.

Certiorari by the people, on the relation of the Metropolitan Securities Company, to review a tax stated against relator by Otto Kelsey, Comptroller of the State of New York. Comptroller's determination confirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Guthrie, Cravath & Henderson, for relator.

John Cunneen, Atty. Gen., and William H. Wood, for respondent.

SMITH, J. During the year ending October 31, 1903, the relator paid no dividend upon its stock. Under section 182 of the tax law (chapter 908, p. 856, Laws 1896) it was liable to an assessment of 1½ mills upon each dollar of the appraised capital employed within the state. By section 190 the treasurer or secretary of the company is required "to estimate and appraise the capital stock of the company upon which no dividend has been declared * * * at its actual value in cash, not less, however, than the average price which said stock sold for during said year, and shall forward the same to the Comptroller with the report provided for in the last section." It is then provided by the section: "If the Comptroller is not satisfied with the valuation so made and returned he is authorized and empowered to make a valuation thereof and settle an account upon the valuation so made by him, and the taxes, penalties and interest to be paid the state." The relator has two complaints of the Comptroller's assessment: (1) That the Comptroller did not follow the average price which said stock sold for during the year; and (2) that in appraising the value of the stock he has included a sum which has been called surplus by the corporation.

Neither complaint of the relator is well grounded. The estimate and appraisal value to be made by the secretary or treasurer of the company in the first instance is of actual value not less than the average market

price. That estimate and appraisal may be disregarded by the Comptroller if he be dissatisfied therewith, and he may himself estimate and appraise the value of the capital stock at a sum not less than the average market price. The relator relies upon the case of People ex rel. Colonial Trust Company v. Morgan, decided in this Department, and reported in 47 App. Div. 126, 62 N. Y. Supp. 191. That case does not sustain his contention. An extract is quoted from the opinion of Justice Herrick wherein what was said was entirely unnecessary to the decision, and in connection with the rest of his opinion can hardly be said to bear out the interpretation which relator's counsel has given thereto. The statute seems to me clear. It calls for a valuation first by the secretary or treasurer of the company, and afterwards by the Comptroller. That valuation is in no way limited by the average market price of sales of stock except that it shall not be less than such average market price. It is urged there is nothing to show that the Comptroller is dissatisfied with the estimate or appraisal of the company's treasurer. It would seem, however, that the rejection of such appraisal and the making of new appraisal by the Comptroller himself would be sufficient evidence of his dissatisfaction with the appraisal of the treasurer.

Nor do I see how the relator can complain that what he calls surplus was considered in estimating the value of the capital stock. In fact it is difficult to see how the actual value of capital stock can be estimated without including surplus. The case of People ex rel. Commercial Cable Company v. Morgan, 178 N. Y. 433, 70 N. E. 967, furnishes no support for the relator's contention, as in that case a dividend of more than 6 per cent. had been declared, and it was unnecessary to appraise the value of the capital stock in order to arrive at the amount upon which the percentage should be reckoned. In the case of People v. Albany Insurance Company, 92 N. Y. 458, Rapello, J., writing for the court, in speaking of a similar statute, says:

"Should a corporation earning six per cent. or more withhold all dividends, or pay less than six per cent. and accumulate its earnings or employ them as capital to improve its property, it would not thereby escape taxation, for it would then be taxable according to the actual value of its capital stock, and that value would be increased by the amount of surplus thus accumulated, and it would be taxable at the rate of one and one-half mills upon each dollar of the valuation of such stock. * * *"

I find no reason for disturbing the conclusion of the Comptroller, and recommend that the determination be confirmed with $50 costs and disbursements.

Determination of the Comptroller confirmed, with $50 costs and disbursements. All concur.