THE PEOPLE OF THE STATE OF NEW YORK ex rel. CITY INVESTING COMPANY, Relator, *v.* MARTIN SAXE and Others, as State Tax Commissioners and as Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 7, 1917.

Tax — franchise tax — computation of value of common stock — market value not controlling — presumption that assessment is not erroneous.

The provisions of the Tax Law relating to the assessment of a franchise tax, which make the actual value of common stock the basis for the computation of the tax, except that the value cannot be fixed at less than the average sales price for the year, merely sets the minimum limit of valuation and does not fix the maximum limit, which is to be determined by the actual value of the stock.

Hence, where the officers of a corporation have testified that the property of the company is equal in value to its indebtedness, including the par value of its preferred and common stock, it is proper to take the common stock at its par value in assessing a franchise tax although, in fact, the average sales price of the common stock was between fourteen dollars and fifteen dollars per share.

In reviewing the determination of the assessing officers all reasonable intendments are in favor of the assessments, and the party alleging error must point it out.

CERTIORARI issued out of the Supreme Court and attested on the 12th day of July, 1916, directed to Martin Saxe and others, as the State Tax Commission, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in refusing to revise a franchise tax assessed against the relator under section 182 of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62).

*Edward F. Clark,* for the relator.

*Egburt E. Woodbury, Attorney-General,* by *Harold J. Hinman,* of counsel, for the respondents.

KELLOGG, P. J.:

The relator owns and operates an office building in New York city. It pays a seven per cent dividend upon its preferred stock, but no dividend upon its common stock. We are only

interested in the assessment for the franchise tax with reference to the common stock.

Under sections 182 and 193 of the Tax Law, no dividend having been paid on the common stock, its actual value is the basis for the computation of the tax, except that the value cannot be fixed at less than the average sales price for the year. There can be no dispute from the evidence that the property of the company was equal in value to its indebtedness and the par value of its preferred and common stock, and the assessment has been made accordingly. It appears, however, that the average sales price of the common stock was fourteen dollars and seventy-five cents per share, and it is urged that the actual value must be disregarded in this case and the sales price taken as the basis of the computation. Ordinarily the average sales price of property is some evidence of its value, and is a circumstance to be taken into consideration with the other circumstances in fixing the value. But the officers of the company have made it clear that the value of the property behind the stock is equal to the indebtedness and par value of the stock. The sections referred to contemplate that the actual value and the average sales price may be different; but the actual value controls except that the appraisal cannot be less than the average sales price. The sales price, therefore, is the minimum limit of the valuation, but not the maximum limit. (*People ex rel. Metropolitan S. Co.* v. *Kelsey*, 101 App. Div. 248.)

It is suggested that probably the treasurer was mistaken in swearing to the actual value of the property. If so the remedy of the relator was to ask a rehearing rather than to seek a reversal upon appeal.

Under the Stock Corporation Law the stock of a domestic corporation at the outset represents actual value (§ 55) and we may assume that at sometime at least that value was represented here. It is not urged that there have been any losses, or that the rentals received are disappointing, or that property in the locality has depreciated in value. Upon the record the Commission could not have fixed any other valuation. It could not infer ·that the company was over-capitalized, or that its stock did not represent actual value, when the company's evi-

dence indicated that it was of full value. The facts that the assessment for the purposes of general taxation is less than the stated value of the real estate, and that the stock sells for less than par, are circumstances which might have had some weight if the relator had been unable to give the actual value of the property or had thrown some doubt upon its value. It is a well-known fact that the assessed valuation of real estate in many localities does not represent its actual value, and that the sales price of stock does not always represent its true value. The Commission was not called upon to speculate, because it had the positive testimony of the company's representative that the actual value was present. . In reviewing the determination of assessing officers all reasonable intendments are in its favor, and the party alleging the error must point it out. This determination does not depend upon inferences, but the evidence compelled it.

It follows that the determination should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.